**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra M. Faubion, | CV 09-8076-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| United States of America, | |
| Defendant. | |

Defendant United States of America has filed a Rule 12(b)(1) motion to dismiss two causes of action asserted in Plaintiff Faubion's amended complaint. Dkt. #11. Faubion opposes the motion and aks the Court to postpone it as a premature motion for summary judgment. Dkt. #14. The government filed a response to Faubion's motion to continue on November 30, 2009 (Dkt. #16), but Faubion has filed no reply. Neither party has requested oral argument. For reasons that follow, the Court will grant the government's motion and will deny Faubion's motion to continue.

**I.  Background.**

On February 4, 2002, the Internal Revenue Service filed a tax lien on several real estate lots located in Spirit Lake, Idaho. Dkt. #5 at 4. The lien was against "Direct Reach, Inc., as nominee/transferee/alter ego of Sandra M. Faubion." *Id.* at 5. After the lien was filed, Faubion was allegedly bombarded with a "phalanx of collection letters, revenue agents and inconsistent positions." *Id.* at 5. In early March of 2002, she filed a request for a collection due process hearing regarding the lien. Dkt. #11-1.

1   On May 21, 2007, Faubion filed an administrative claim pursuant to 26 U.S.C. § 7432 and § 7433 "for actual direct economic damages for negligence in assessment of tax penalties and unauthorized collection actions" that related to the lien of February 4, 2002, but received no meaningful response. Dkt. #5 at 3. She also filed claims for tax refunds for the years 1998, 1999, 2002, and 2003. *Id.* at 4. Faubion alleges that the IRS collected "approximately $127,004.33" from the sale of the Spirit Lake properties, but that these collections were never properly credited to her, and that the IRS never informed her of the exact amounts collected or credited. *Id.* at 5-6.

Faubion filed the present litigation on May 7, 2009 against Nancy Olson, the United States, and the IRS, asserting claims for "negligence in assessment of tax penalties and unauthorized collection actions." Dkt. #1 at 3. On October 1, 2009, Faubion stipulated to dismiss all Defendants in the lawsuit other than the United States. Dkt. #8.

Faubion's current amended complaint against the United States appears to raise three causes of action: (1) a refund claim pursuant to 26 U.S.C. § 7722; (2) a wrongful levy claim pursuant to 26 U.S.C. § 7432; and (3) a civil damages claim for unauthorized collection actions by the IRS pursuant to 26 U.S.C. § 7433. Dkt. #5. The United States seeks dismissal of the claims under sections 7432 and 7433 on the ground that this Court lacks subject matter jurisdiction over them.[1]

## II.   Legal standard.

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In effect, courts presume a lack of jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The defense of lack of subject matter jurisdiction may be raised

---

[1] Faubion attempts to recharacterize the United States' motion as a Rule 12(b)(6) motion for dismissal, and cites case law interpreting Rule 12(b)(6). Dkt. #12 at 2-3. The motion, however, is brought under Rule 12(b)(1).

- 2 -

at any time. *See* Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979); *see Federal Civil Procedure Before Trial* § 9:78, at 9-18.

In resolving a motion under Rule 12(b)(1), the Court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits the case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *see Greene v. United States*, 207 F. Supp. 2d 1113, 1119 (E.D. Cal. 2002) (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). "The court may view evidence outside the record, and no presumptive truthfulness is due to the complaint's allegations that bear on the subject matter [jurisdiction] of the court." *Greene*, 207 F. Supp. 2d at 1119 (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)); *see Roberts*, 812 F.2d at 1177; *Valdez*, 837 F. Supp. at 1067. Indeed, courts generally are "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine*, 704 F.2d at 1077. Unless the Court holds an evidentiary hearing, however, "disputes in the facts pertinent to subject matter are viewed in the light most favorable to the opposing party." *Greene*, 207 F. Supp. 2d at 1119 (citing *Dreier v. U.S.*, 106 F.3d 844, 847 (9th Cir. 1996)).

**III.   26 U.S.C. § 7432 and § 7433.**

Statutes of limitations for claims against the United States limit this Court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990). As a result, if the statute of limitations has run on Faubion's claims under 26 U.S.C. § 7432 and §7433, this Court has no jurisdiction and they must be dismissed. *Id.*; *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987).

Pursuant to Treasury Regulation § 301.7432-1(I), any action under 26 U.S.C. § 7432 must be brought within two years of accrual. The limitations period is the same for an action brought under 26 U.S.C. § 7433. 26 U.S.C. § 7433(d)(3). A cause of action under either

statute accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action. Treas. Reg. § 301.7432-1(i)(2); *Wise v. C.I.R.*, 168 F. Supp. 2d 649, 653 (S.D. Tex. 2001).

The United States argues that Faubion's claims under both statutes accrued in March of 2002, or, at the latest, in 2004, because Faubion had a reasonable opportunity to discover all essential elements of a possible cause of action by those dates. The United States points to her request for a due process hearing in March of 2002 as evidence that "Plaintiff had notice of the liens and challenged them." Dkt. #11 at 7. The United States also points to her position as President of Direct Reach, Inc., which would have allowed her to know of the sales of the Spirit Lake properties when they occurred in 2004. Dkt. #15 at 6.

As to the claim under 26 U.S.C. § 7432, in which she asserts that the lien against her was filed illegally and without due process, Faubion clearly knew of this alleged wrong in March of 2002 when she requested a collection due process hearing. Dkt. #11-1 at 8. Faubion had sufficient facts to discover that she had a cause of action under 26 U.S.C. § 7432. *See Long v. United States*, 604 F. Supp. 2d 119 (D. D.C. 2009) (holding that the statute of limitations began to run when homeowners first learned of liens at closing of their home); *Milby v. United States*, 172 F. Supp. 2d 606 (W.D. Pa. 2001) (holding that limitations period began to run when Plaintiff wrote a letter to the purchaser, demanding that the purchaser vacate).

Faubion claims under 26 U.S.C. § 7433 that the United States employed unfair collection practices. The only unfair practices Faubion identifies in her complaint are that, as soon as the lien was filed in 2002, "the Defendants bombarded [her] with a phalanx of collection letters, revenue officers, revenue agents and inconsistent positions." Dkt. #5 at 5. Faubion thus knew in 2002 that the United States was using these practices. *Id*.

Because this is a Rule 12(b)(1) motion and the Court has not held an evidentiary hearing, the Court must construe all facts in the light most favorable to Faubion. *Greene*, 207 F. Supp. 2d at 1119. The material facts, however, are not in dispute. Faubion does not dispute that she knew of the lien, the sale of the Spirit Lake properties, or the payments to

the IRS of the proceeds from the sale by 2004. Evidence provided by the United States clearly shows that by the time Faubion filed the collection due process letter, she had sufficient information to file a claim under 26 U.S.C. § 7432 and § 7433. Faubion asserts that her information was not sufficient, but provides no legal authority for that position. She contends that because newer "assessments were made by the IRS as late as September 3, 2007," she could not have known all the necessary elements of her cause of action in 2002. Dkt. #12 at 2. Faubion cites no legal authority for her contention that the date a statute of limitations begins to run changes when a later assessment is filed. Moreover, the later assessment in this case appears to relate only to Faubion's cause of action for a refund under 26 U.S.C. § 7722 – a cause of action that the United States has not moved to dismiss.

Faubion also argues that she did not know, and still does not know, all the essential elements of a cause of action because the IRS has not disclosed the amounts at issue or the "full extent of the illegal collection." *Id.* at 2. The lack of this information did not prevent Faubion from recognizing her claims and asserting them in this lawsuit.

The Court concludes that the statute of limitations has expired. The Court therefore lacks jurisdiction over the claims under 26 U.S.C. § 7432 and § 7433.[2]

**IV. Faubion's motion to continue.**

Faubion attempts to characterize Defendant's motion as a premature motion for summary judgment. As noted above, however, the motion clearly is brought under Rule 12(b)(1). This Court has authority when ruling on such a motion to "view evidence outside the record." *Greene*, 207 F. Supp. 2d at 1119 (citing *Augustine*, 704 F.2d at 1077). The motion to continue will be denied.

**IT IS ORDERED:**

1. Defendant's motion to dismiss the claims under 26 U.S.C. §§ 7432 and 7433 (Dkt. #11) is **granted**.

---

[2] Faubion argues that this Court has jurisdiction under the Administrative Procedure Act. Dkt. #12 at 3. This argument, however, relates to her refund claim under 26 U.S.C. § 7722, which Defendant is not challenging in the motion to dismiss.

- 5 -

2. Plaintiff's motion to continue (Dkt. # 14) is **denied**.

DATED this 12th day of January, 2010.

_____
David G. Campbell
United States District Judge